IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DON MITCHELL JUSTICE**, | Case No. 2:17-cv-1963-AC |
| Petitioner, | **ORDER** |
| v. | |
| **BRAD CAIN**, Superintendent, Snake River Correctional Institution, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

  United States Magistrate Judge John V. Acosta issued Findings and Recommendations in this case on August 2, 2021. ECF 74. Judge Acosta recommended that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 70) and decline to issue a Certificate of Appealability.

  Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

In May 2010, Petitioner was convicted of various sexual offenses. Petitioner appealed his conviction, which the Oregon Court of Appeals affirmed without opinion, of which the Oregon Supreme Court then denied review. *State v. Justice*, 252 Or. App. 750 (2012), *rev. den.*, 353 Or. 280 (2013). Petitioner later filed for post-conviction relief, which was denied by the post-conviction court and affirmed by the Oregon Court of Appeals, review of which was again denied by the Oregon Supreme Court. *Justice v. Nooth*, 279 Or. App. 337, *rev. den.*, 360 Or. 604 (2016).

In December 2017, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, asserting 24 grounds for relief. ECF 2. The Court appointed counsel to represent Petitioner in January 2018. ECF 7. Respondent filed both a Response to the Petition (ECF 27) and an Answer (ECF 28), arguing that all of Petitioner's claims were procedurally defaulted. Petitioner, through his attorney, filed a Brief in Support of his Petition, which was intended to

PAGE 2 – ORDER

"supplement[] the *pro se* submission" and focused on two of the *pro se* claims—specifically, his claims of prosecutorial misconduct and trial counsel's ineffectiveness. ECF 49 at 1. Petitioner clarified in the Brief that he "requests habeas corpus relief based on this submission as well as the arguments set out in his *pro se* submissions and companion exhibits." *Id.* Petitioner also argued that he had exhausted all of his claims. *Id.* at 19 n.6.[1]

Respondent filed a Reply, in which he continued to assert that Petitioner's claims were procedurally defaulted, and additionally argued that Petitioner's grounds for relief lacked merit and that the state court decisions on those claims are entitled to deference. ECF 56 at 1-2. Petitioner submitted a Sur-Reply, in which he submitted innocence evidence pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995), and a motion for leave to amend his Petition. ECF 67 at 1, 9. Petitioner argued that, to facilitate a decision on the merits rather than on the pleadings, the Court should grant leave to amend. *Id.* at 6. Petitioner contended that he had exhausted his prosecutorial misconduct claim and his ineffective assistance of counsel claim, *id.* at 10, and reiterated his Sixth Amendment argument, *id.* at 14. Petitioner then filed his Amended Petition for Writ of Habeas Corpus, which raised 24 *pro se* grounds for relief (Grounds 1-24) and two counseled grounds for relief (Ground 25 and 26).[2] ECF 70. Respondent filed a Response to the

---

[1] Specifically, Petitioner argued that, "[i]n his *pro se* supplemental post-conviction appeal brief, [Petitioner] fairly presented the claim that his trial attorney provided ineffective assistance in violation of his Sixth Amendment rights when counsel failed to object to the State's introduction of other bad acts evidence," and that "claim was exhausted through his counseled petition for review." ECF 49 at 19 n.6.

[2] Ground 25 reads as follows:

Petitioner was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court allowed improper statements by the prosecutor during closing argument.

ECF 70 at 13. *Pro se* Ground 2 appears to raise the same issue as Ground 25:

PAGE 3 – ORDER

Amended Petition, in which Respondent noted that he would continue to "rely upon the procedural default and merit-based arguments previously set forth" in earlier briefing, specifically maintaining that Petitioner's claims were procedurally defaulted. ECF 71 at 1-3. Respondent additionally argued that Petitioner had not established actual innocence sufficient to excuse his procedural default. *Id.* at 3.

Judge Acosta issued his Findings and Recommendation on August 2, 2021, recommending that the Court dismiss the Amended Petition with prejudice, and decline to issue a Certificate of Appealability. ECF 74. Judge Acosta first considered Petitioner's motion for leave to amend and noted that the motion was untimely and that Petitioner provided no explanation for the delay. *Id.* at 13. Because Respondent had addressed Petitioner's proposed

---

> Petitioner was denied his federal constitutional rights to due process under the Fourteenth Amendment to the United States Constitution when, during closing argument, the prosecution vouched for the state's witness and pointed out that Ms. Chambers believed the alleged victim.

*Id.* at 8. Ground 26 reads as follows:

> Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to object: (a) to evidence about uncharged other bad acts that occurred outside of Oregon, and (b) to improper statements by the prosecutor during closing argument. But for counsel's failures, there is a reasonable probability that the outcome of the proceedings would have been different.

*Id.* at 14. *Pro se* Ground 5 appears to raise a similar issue as a portion of Ground 26:

> Petitioner was denied his federal constitutional rights to effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution . . . as explained by *Strickland v. Washington*, 466 U.S. 668, when trial counsel failed to object *in limine* or at trial to the State's introduction of evidence regarding . . . uncharged incidents of sexual misconduct between the petitioner and the alleged victim that allegedly occurred outside the state of Oregon on various road trips.

*Id.* at 9.

PAGE 4 – ORDER

claims and would suffer no prejudice by amendment, however, Judge Acosta granted Petitioner's request for leave to amend. *Id.*

Judge Acosta then turned to the arguments advanced in Petitioner's Amended Petition. Judge Acosta determined that Grounds 2 and 25, as well as Grounds 5 and 26, were procedurally defaulted, and so habeas review is precluded as to those grounds. *Id.* at 17, 21. Judge Acosta concluded that Petitioner had not met his burden of establishing that he was actually innocent, and so his procedural default should not be excused. *Id.* at 22. Judge Acosta then concluded that, even if Petitioner's claims were not procedurally defaulted, those claims fail on the merits. *Id.* at 22. Finally, Judge Acosta noted that Petitioner did not provide any arguments with respect to Grounds One, Three, Four, and Six through Twenty-four, and so habeas relief on those grounds should be denied. *Id.* at 28.

Petitioner filed timely objections to the Findings and Recommendation. ECF 76. Petitioner argues that Judge Acosta erroneously found that all of Petitioner's claims were procedurally defaulted and, even if the claims are defaulted, Judge Acosta erroneously failed to find the default excused by Petitioner's actual innocence. *Id.* at 2-12. Petitioner also argues that Judge Acosta erroneously found that the prosecutor did not engage in improper burden-shifting and impermissible vouching of the complaining witness that deprived Petitioner of due process. *Id.* at 2-4. Finally, Petitioner objected to Judge Acosta's refusal to consider the merits of his unargued claims. *Id.* at 13. Petitioner did not object to Judge Acosta's recommendation that the Court decline to issue a Certificate of Appealability.

The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. First, the Court agrees with Judge Acosta's conclusion that the Grounds

alleged in the Petition are procedurally defaulted. Petitioner failed to preserve his vouching argument on direct review and did not raise the ineffective assistance of counsel claim based on uncharged misconduct at the Oregon Supreme Court on post-conviction review. Petitioner did raise his uncharged misconduct claim in his amended petition for post-conviction relief (ECF 21-2 at 165-66) and subsequently in his *pro se* brief before the Oregon Court of Appeals (ECF 21-2 at 183-86). Petitioner did not, however, raise that claim in his counseled brief before the Oregon Court of Appeals (ECF 21-2 at 132) or in his petition for review before the Oregon Supreme Court on his post-conviction claims (ECF 21-2 at 219). This Court agrees with Judge Acosta that Petitioner's statement in that petition for review that he "relies on the *arguments* presented in his brief at the Court of Appeals" (ECF 21-2 at 221 (emphasis added)) is not sufficient to satisfy the federal exhaustion requirement on Petitioner's uncharged misconduct claim, where that *claim* was not included as a question presented in the petition for review. *See Williams v. Belleque*, 2010 WL 3603781, at *5 (D. Or. Sept. 13, 2010) (explaining that the "the federal exhaustion requirement . . . places the burden on petitioner to raise his federal *claims* at each and every level of his state court review" (emphasis added)). Because Petitioner's petition for review did not include the uncharged misconduct *claim*, the statement in his petition for review that he relied on the *arguments* made in his Court Appeals brief is not sufficient to meet federal exhaustion requirements.

  Second, Petitioner has not produced sufficient evidence to support his claim of actual innocence as an excuse for procedural default. Petitioner has not met the high burden of demonstrating that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. As Judge Acosta concluded, the evidence that Petitioner provides might show, at most, that some reasonable doubt

exists as to some of the charges, but does not meet the high burden for actual innocence required by *Schlup*. *See Bluestein v. Taylor*, 2018 WL 561849, at *8 (D. Or. Jan. 25, 2018), *aff'd*, 745 F. App'x 280 (9th Cir. 2018) ("The Court recognizes that Petitioner may have some evidence and arguments for reasonable doubt, and perhaps a reasonable jury might find Petitioner not guilty if he were tried again with this new evidence. But that is not the standard under *Schlup*.").

Third, the Court agrees with Judge Acosta's finding that, even if Petitioner's claims were not procedurally defaulted, those claims would fail on the merits. Regarding Grounds Two and Twenty-Five, the Court agrees with Judge Acosta that, although the prosecutor appears to have misstated the evidence during closing arguments, that misstatement was isolated and harmless in the context of the entire trial, and did not make the resulting conviction a denial of due process. ECF 74 at 24. *Cf. Glasscock v. Taylor*, 2017 WL 1735173, at *12 (D. Or. Apr. 25, 2017), *aff'd*, 740 F. App'x 566 (9th Cir. 2018) ("Looking at the closing argument as a whole, however, and considering the testimonial evidence at trial, the Court does not find that the prosecutor's closing argument contains sufficiently egregious misstatements that so infected the trial with unfairness as to make the resulting conviction a denial of due process.").

With respect to Grounds Five and Twenty-Six, the Court agrees with Judge Acosta's conclusion that the record before the post-conviction court supported its finding that trial counsel declined to object to the admission of the uncharged misconduct as part of a reasonable trial strategy, and that Petitioner failed to rebut that finding. ECF 74 at 27. The Court also agrees that, because the prosecutor's statements in closing did not rise to the level of misconduct, much less egregious misconduct requiring objection, counsel's failure to object was not ineffective assistance. *See Glasscock*, 2017 WL 1735173, at *12 (concluding that when the prosecutor's statements in closing did not rise to the level of a due process violation, "defense counsel's

failure to object to those statements is not unreasonable professional conduct"). Finally, the Court agrees with Judge Acosta that Petitioner failed to meet his burden to demonstrate why he is entitled to habeas relief on his unargued claims. ECF 74 at 28.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, ECF 74. The Court **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus, ECF 70. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 2nd day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge